IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NO. 12-388 |
| | : | |
| JOSEPH VITO MASTRONARDO | : | |
| JOHN MASTRONARDO | : | |
| JOSEPH F. MASTRONARDO | : | |
| a/k/a "Joey" | : | |
| ERIC WOEHLCKE | : | |
| HARRY MURRAY | : | |
| JOSEPH VITELLI | : | |
| ANNA ROSE VITELLI | : | |
| PATRICK TRONOSKI | : | |
| EDWARD FEIGHAN | : | |
| KENNETH COHEN | : | |
| SCHUYLER TWADDLE | : | |
| MICHAEL LOFTUS | : | |
| RONALD GENDRACHI | : | |
| JOANNA MASTRONARDO | : | |

## JOINT STATEMENT OF THE OFFENSE

The United States of America, by and through its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, Jason P. Bologna, Assistant United States Attorney for the District, and Kelly Pearson, Special Assistant United States Attorney for the District, and the defendants, hereby request that the Court accept the Joint Statement of the Offense to be read to the jury in the above captioned case.

The indictment charges the following defendants with the following crimes:

**COUNT ONE** charges Joseph Vito Mastronardo, Jr., John Mastronardo, Joseph F. Mastronardo, Eric Woehlcke, Harry Murray, Joseph Vitelli, Anna Rose Vitelli, Patrick Tronoski, Edward Feighan, Kenneth Cohen, Schuyler Twaddle, Michael Loftus, and Ronald Gendrachi, with RICO conspiracy, in violation of **18 U.S.C. §1962(d)** for conspiring to participate in a

racketeering enterprise known as the Mastronardo Bookmaking Organization. The pattern of the defendants' racketeering activity covered a period from January 1, 2005 through January 1, 2011.

To prove a violation of 18 U.S.C. §1962(d), the government must prove beyond a reasonable doubt the following elements:

(1) That two or more persons agreed to conduct or to participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity;

(2) That the defendant was a party to or member of that agreement; and

(3) That the defendant joined the agreement or conspiracy knowing its objective to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs, through the pattern of racketeering activity and intending to join together with at least one other alleged conspirator to achieve that objective; that is the defendant and at least one other person shared a unity of purpose and the intent to achieve the objective of conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity.

**COUNT TWO** charges Joseph Vito Mastronardo, Jr., John Mastronardo, Joseph F. Mastronardo, Eric Woehlcke, Harry Murray, Joseph Vitelli, Anna Rose Vitelli, Patrick Tronoski, Edward Feighan, Kenneth Cohen, Schuyler Twaddle, Michael Loftus, and Ronald Gendrachi, with conducting an illegal gambling business in violation of **18 U.S.C. §1955 and 18 U.S.C. §2**. The business, the Mastronardo Bookmaking Organization, was run by Joseph Vito Mastronardo, Jr.

To prove a violation of 18 U.S.C. §1955, the government must prove beyond a reasonable doubt the following elements:

(1) The defendant conducted, financed, managed, supervised, directed or owned all or part of a gambling business; and

(2) That such gambling business:
   a. Violated the laws of the state(s) in which it was conducted;

   b. Involved five or more persons who conducted, financed, managed, supervised, directed or owned all or part of said illegal gambling business; and

   c. Has been or remained in substantially continuous operation for more than 30 days or has gross revenue of $2,000.00 or more on a single day.

**COUNTS THREE** charges Joseph Vito Mastronardo, Jr., John Mastronardo, Joseph F. Mastronardo, Eric Woehlcke, Harry Murray, Joseph Vitelli, Anna Vitelli and Ronald Gendrachi with conspiracy to launder money in violation of **18 U.S.C. §1956(h)**. The defendants' money laundering conspiracy involved using the business of J & A Check Cashing to cash checks that were payments of illegal gambling debt.

  To prove a violation of 18 U.S.C. §1956(h), the government must prove beyond a reasonable doubt the following elements:

 (1) There was an unlawful agreement to violate section 1956 or 1957;

 (2) Two or more individuals participated in that agreement;

 (3) The defendant joined the conspiracy; and

 (4) The defendant had the intent that the conspiracy succeed.

  **COUNT FOUR** charges Joseph Vito Mastronardo, Jr., John Mastronardo, Eric Woehlcke, Harry Murray and Kenneth Cohen with conspiracy to launder money in violation of **18 U.S.C. §1956(h)** in that the defendants' directed the international movement of money via wire transfer for the payment of illegal gambling debts.

  To prove a violation of 18 U.S.C. §1956(h), the government must prove beyond a reasonable doubt the following elements:

 (1) There was an unlawful agreement to violate section 1956 or 1957;

 (2) Two or more individuals participated in that agreement;

 (3) The defendant joined the conspiracy; and

 (4) The defendant had the intent that the conspiracy succeed.

**COUNT FIVE** charges Joseph Vito Mastronardo, Jr. with conspiracy to launder money in violation of **18 U.S.C. §1956(h)**.  The conspiracy used Person No. One's bank account to deposit checks that were payment of illegal gambling debts.

To prove a violation of 18 U.S.C. §1956(h), the government must prove beyond a reasonable doubt the following elements:

(1) There was an unlawful agreement to violate section 1956 or 1957;

(2) Two or more individuals participated in that agreement;

(3) The defendant joined the conspiracy; and

(4) The defendant had the intent that the conspiracy succeed.

**COUNT SIX** charges Joseph Vito Mastronardo, Jr., John Mastronardo, Eric Woehlcke, Harry Murray with conspiracy to launder money in violation of **18 U.S.C. §1956(h)**, for the use of Business Travel Services ("BTS") to deposit checks that were payment of illegal gambling debts.

To prove a violation of 18 U.S.C. §1956(h), the government must prove beyond a reasonable doubt the following elements:

(1) There was an unlawful agreement to violate section 1956 or 1957;

(2) Two or more individuals participated in that agreement;

(3) The defendant joined the conspiracy; and

(4) The defendant had the intent that the conspiracy succeed.

**COUNTS SEVEN THROUGH FOURTEEN** charge Joseph Vito Mastronardo, Jr., with interstate travel in aid of racketeering in violation of **18 U.S.C. §1952 and 18 U.S.C. §2** for

eight separate trips in which the defendant aided and abetted the interstate travel of an individual to facilitate the operation of the Mastronardo Bookmaking Organization.

To prove a violation of 18 U.S.C. §1952, the government must prove beyond a reasonable doubt the following elements:

(1) The defendant traveled in interstate or foreign commerce or used the mail or any facility in interstate or foreign commerce;

(2) With the intent to;

(3) Distribute the proceeds of any unlawful activity or…otherwise promote, manage, establish, carry on, or facilitated the promotion, management, establishment, or carrying on of any unlawful activity, and thereafter

(4) Performed or attempted to perform an act[.]

**COUNTS FIFTEEN THROUGH TWENTY-TWO** charge Joseph Vito Mastronardo, Jr., John Mastronardo and Eric Woehlcke with transmission of wagering information in violation of **18 U.S.C. §1084 and 18 U.S.C. §2** for phone calls placed by the named defendants that transmitted information about the illegal bets the Mastronardo Bookmaking Organization was taking.

To prove a violation of 18 U.S.C. §1084, the government must prove beyond a reasonable doubt the following elements:

(1) The defendant was engaged in the business of betting or wagering;

(2) The defendant transmitted, in interstate or foreign commerce, any one of the following types of material: (a) bets or wagers; (b) information assisting in the placement of bets or wagers; or (c) a communication that entitled the recipient to receive money or credit as a result of a bet or wager;

(3) The defendant used a wire communication facility to transmit these materials; and

(4) The defendant acted knowingly.

**COUNT TWENTY-THREE** charges Joseph Vito Mastronardo, Jr., Joseph F. Mastronardo and Joanna Mastronardo with structuring in violation of **31 U.S.C. §5324 and 18 U.S.C. §2** for making deposits into different bank accounts held by the defendants in amounts under $10,000 to avoid federal reporting thresholds.

To prove a violation of 31 U.S.C. §5324(a)(3), the government must prove beyond a reasonable doubt the following elements:

(1) A currency transaction with or at a domestic financial institution;

(2) Knowledge that a currency transaction report (CTR) is required for currency transactions in excess of $10,000;

(3) A series of currency transactions that are made with the intent to evade the filing of the required report; and

(4) The transactions are part of a pattern of illegal activity involving more than $100,000 in a 12-month period.